UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AARON BRADLEY LASYONE, | Case No. 3:24-cv-00171-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, *et al.*, | |
| Respondents. | |

Petitioner Aaron Bradley Lasyone submitted a *pro se* 28 U.S.C. § 2254 habeas petition and a motion for appointment of counsel. (ECF Nos. 1 ("Petition"), 3 ("Motion").) Following an initial review of the Petition under the Rules Governing Section 2254 Cases, this Court deferred ruling on the Motion and ordered Lasyone to show cause why his Petition should not be dismissed as time barred. (ECF No. 4.) Lasyone timely responded. (ECF No. 6.) For the reasons discussed below, the Court dismisses the Petition with prejudice as time barred.

**I.    BACKGROUND**[1]

Lasyone challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Aaron Lasyone*, Case No. C-16-314688-1. On April 5, 2019, the state court entered a judgment of conviction, following a guilty plea, for invasion of the home while in possession of a deadly weapon, robbery with the use of a deadly weapon, and discharging a firearm at or into a structure. Lasyone was sentenced to three concurrent terms of 8 to 20 years. Lasyone appealed, and the Nevada

---

[1]The Court repeats this background section from its Order to Show Cause for clarity purposes.

Court of Appeals affirmed on May 11, 2020. Lasyone petitioned for review, but the Nevada Supreme Court denied the petition on July 8, 2020. Remittitur issued on August 24, 2020.

On July 8, 2021, Lasyone filed a state habeas petition. *See Aaron Lasyone v. William Hutchings*, Case No. A-21-837541-W. The state court denied Lasyone's state petition on May 27, 2022. Lasyone appealed, and the Nevada Court of Appeals affirmed on May 8, 2023. Remittitur issued on June 15, 2023.

## II.   TIMELINESS STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

## III.   DISCUSSION

Lasyone's direct appellate review concluded on July 8, 2020, with the Nevada Supreme Court's denial of Lasyone's petition for review of the Nevada Court of Appeals'

affirmation of his judgment of conviction. As such, Lasyone's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90 days later: on October 6, 2020. The federal statute of limitations began to run the following day: October 7, 2020. Lasyone timely filed his state habeas petition on July 8, 2021, tolling the AEDPA clock. As a result, 274 days elapsed between the judgment becoming final and the filing of the state habeas petition. The remaining 91 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Lasyone's state habeas petition. Tolling ended on June 15, 2023, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day, June 16, 2023, and expired 91 days later, on September 15, 2023. Lasyone's instant Petition was transmitted to this Court on or about April 15, 2024. Because Lasyone's Petition was mailed 213 days after his AEDPA statute of limitations expired, the Petition is untimely.

Given these facts, this Court ordered Lasyone to show cause why his Petition should not be dismissed with prejudice as time barred. (ECF No. 4.) In response, Lasyone acknowledges that his Petition is untimely but argues that he is entitled to equitable tolling: (1) from March 2020 until January 2022 because "[t]here was no access to the law library" during this time due to a "complete Covid lockdown[;]" (2) from March 23, 2021, until July 8, 2021, when he was treated at the hospital and then placed in segregation following an attack at the prison; and (3) from June 16, 2023, until April 15, 2024, due to "power surge lockdowns" that happened "frequent[ly]" and "periodic" other lockdowns. (ECF No. 6.) Lasyone also argues that he is entitled to equitable tolling because he was mistakenly advised by his state habeas attorney that he had until May 8, 2024, to timely file his Petition. (*Id.*)

Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). To satisfy the first element, the petitioner "must show that he has been reasonably diligent in

pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020). To satisfy the second element, the petitioner must show that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017). In other words, the petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation marks omitted). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration in original). The petitioner ultimately "bears the burden of showing that this extraordinary exclusion should apply to him." *Id.* at 1065.

First, regarding the prison's lockdowns and Lasyone's segregation, this Court acknowledges and appreciates that prison lockdowns and segregations create obstacles for prisoners to be able to access the law library and needed legal resources. However, importantly, Lasyone fails to demonstrate that he was prevented from filing his federal habeas petition due to the lockdowns or his time in segregation. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner's stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because it was neither "extraordinary" nor did it make it "impossible" for him to file his petition in a timely manner); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (explaining that the Ninth Circuit Court of Appeals has "rejected the argument that lack of access to library materials automatically qualified as grounds for equitable tolling"). Indeed, during this period of time, Lasyone timely filed his state habeas petition on July 8, 2021. Moreover, regarding the Covid-19 lockdowns, this Court received filings from *pro se* petitioners incarcerated in the Nevada Department of Corrections during the pandemic, negating a finding that it was impossible for Lasyone to file legal documents.

1  Finally, regarding reasonable diligence in pursuing his rights, Lasyone fails to show that
2  he submitted any grievance, inmate request forms, or complaints regarding a lack of
3  access to the law library, to legal materials, or to the ability to file documents.[2]

4  Second, regarding Lasyone's mistaken advice from his state habeas counsel, this
5  Court finds that Lasyone is not entitled to equitable tolling. Lasyone's allegation that his
6  state habeas counsel mistakenly told him that he had until May 8, 2024, to file his Petition
7  does not amount to an extraordinary circumstance. *See Frye v. Hickman*, 273 F.3d 1144,
8  1146 (9th Cir. 2001) ("We conclude that the miscalculation of the limitations period by
9  Frye's counsel and his negligence in general do not constitute extraordinary
10 circumstances sufficient to warrant equitable tolling.").

11 In sum, because: (1) Lasyone filed his Petition after his AEDPA deadline had
12 already expired; and (2) he has not demonstrated that he is entitled to equitable tolling,
13 Lasyone's Petition is time barred.

## IV.  CONCLUSION

It is therefore ordered that the Petition (ECF No. 1) is dismissed with prejudice as time barred. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the Petition as time barred to be debatable or wrong.

It is further ordered that the motion for appointment of counsel (ECF No. 3) is denied as moot in light of this action being time barred.

///

///

---

[2] The Court may be inclined to find that Lasyone is entitled to equitable tolling while he was hospitalized following his attack by a prison gang. However, Lasyone failed to include sufficient detail regarding the length of his hospital stay. Rather, Lasyone only argues that he is entitled to 138 days of equitable tolling for the aggregate time he spent in the hospital and time he spent recovering in segregation. Notably, even if this Court were to find that Lasyone is entitled to equitable tolling for the 138 days related to his attack, his Petition would still be untimely. Under this scenario, Lasyone's AEDPA statute of limitations would have expired on January 30, 2024, making his Petition, which was filed on April 15, 2024, still two and a half months late.

It is further ordered that the Clerk of Court: (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents;[3] (2) provide the Nevada Attorney General with copies of the Petition (ECF No. 1), this Order, and all other filings in this matter by regenerating the notices of electronic filing; (3) enter final judgment dismissing this action with prejudice; and (4) close this case.

DATED THIS 13th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] No response is required from Respondents other than to respond to any orders of a reviewing court.